IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GUY SHANNON, JR. #300-355           *

Plaintiff                           *

v                                   *        Civil Action No. ELH-14-2799

DEPARTMENT OF PUBLIC SAFETY         *
 and CORRECTIONAL SERVICES, et al.
                                    *
Defendants
                                   ***

**MEMORANDUM**

On September 3, 2014, Guy Shannon filed suit while he was an inmate at the Maryland Correctional Institution-Jessup (MCI-J), claiming his safety was at risk because Dead Man Incorporated ("DMI"), a prison gang, had placed a "hit" on him.  ECF 1.[1]  Shannon sought injunctive relief to place him on protective custody, preferably at the Eastern Correctional Institution ("ECI").  Shannon's financial statements demonstrate that he is indigent.  Therefore, his motion to proceed in forma pauperis (ECF 5) will be granted, subject to initial partial payment of the filing fee required under 28 U.S.C. § 1915.

In view of Shannon's claim of imminent harm in ECF 1, the court construed the pleading as a request for emergency injunctive relief and directed the Maryland Attorney General's Office to file an expedited response.  ECF 2.  The response, ECF 6, was accompanied by an affidavit. *See* ECF 6-1.  The court informed Shannon that the response would be treated as a motion for summary judgment.  *See* ECF 7; *Roseboro v. Garrison*, 528 F.2d. 309 (4th Cir. 1975).  Shannon

---

[1] Shannon's submission was initially filed in one of his other cases in this court, i.e., ELH-11-0747.  However, that case had already been closed for more than two years.  Therefore, I directed the Clerk to file the submission as a new case.  *See* ECF 2.

filed an opposition, without affidavits. ECF 6, 7, 9. Shannon was subsequently transferred to ECI, and now requests transfer from that facility as he asserts he still remains in danger. *See* ECF 11 at 2.

Also under consideration are two other motions for preliminary injunctive relief filed by plaintiff – one on October 30, 2014 (ECF 10) and the other on January 23, 2015 (ECF 11). These submissions contain some claims that are unrelated to Shannon's security concerns.

I. **Response to Shannon's Safety Claims**

The Attorney General's Office responded to ECF 1 and ECF 2 by opposing the award of preliminary injunctive relief. ECF 6. The State explained that Shannon is on administrative segregation, where he is separated from the general prison population and closely monitored, similar to inmates on protective custody. *Id.* Shannon was approved for protective custody at the Maryland Correctional Institution-Hagerstown, where he was to be transferred as soon as space became available. ECF 6-1, Declaration of Nichole Daughtry, Correctional Case Management Supervisor at MCI-J.

In his opposition, Shannon states that on October 7, 2014, he was stabbed in the back with a nail by another inmate, an attack he attributes to DMI. ECF 9 at 2. On October 9, 2014, Shannon was transferred to ECI, and was placed in the general prison population on disciplinary segregation. *Id.*

On January 23, 2015, Shannon filed a motion for preliminary injunctive relief, ECF 11, in which he claims he has been assaulted "many times" and "other gang and inmate throw shit on [him]" when he comes out of his cell for showers. ECF 11. As relief, he requests transfer to MCI-H. *Id.* Given these allegations, the court deems it appropriate to order counsel to file a

status report within 28 days of the date of docketing of the accompanying Order, addressing Shannon's safety at ECI, including his claims that he was assaulted several times.

## II. Shannon's Claims Unrelated to Housing Security

On October 30, 2014, in ECF 10, Shannon filed a motion for preliminary injunctive relief unrelated to his security concerns. He filed it as a "jailhouse lawyer" and as a "rep" for other inmates. It sets forth a litany of complaints, including restricted library access, problems with the Administrative Remedy Process ("ARP"), an alleged pepper spray incident that allegedly led to the death of an unnamed inmate, lack of kosher meals, inadequate medical care, lack of inmate programming, inadequate access to handicap accommodations, and spiders. *See* ECF 10. The relief sought is transfer to another correctional facility.

The motion is deficient in several respects. First, the motion does not particularize what harm was suffered by each plaintiff. Second, as there is no evidence that Shannon is an attorney or a member of this bar, he may represent himself, but not others. *See* Local Rule 101 (D. Md. 2014) (stating individuals who are parties in civil cases may only represent themselves).

Moreover, to the extent Shannon seeks to bring this action on behalf of himself and other inmates in similar circumstances, he does not show that he has met the requirements of numerosity, commonality, typicality, and adequacy of representation. *See* Fed.R.Civ.P. 23(a). A class action can be maintained only if "the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). Self-represented litigants are not favored as representative parties in a class action, as they generally cannot represent and protect the interests of the class fairly and adequately. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (stating that "it is plain error to permit [an] imprisoned litigant who is unassisted

by counsel to represent his fellow inmates in a class action.").

Shannon's motion also presents claims that, *inter alia*, he personally was refused a wheelchair and the warden instructed medical providers not to give Shannon his medications. He also complains about prison conditions. Insofar as Shannon is requesting injunctive relief for himself, he fails to satisfy the criteria required for a preliminary injunction.

In order for injunctive relief to be granted, plaintiff must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 19 (2008). All four requirements must be satisfied. *See Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010). Shannon fails to allege specific facts to show clearly that he faces specific immediate and irreparable injury, loss, or damage, and does not meet the requirements for issuance of a preliminary injunction. Accordingly, injunctive relief will be denied, without prejudice, as to this motion.

Shannon's personal claims, unrelated to his security, will be dismissed, *without prejudice*. Shannon may refile them on his own behalf, but not on behalf of others, in a separate complaint. The court expresses no opinion as to the merits of these claims.

## CONCLUSION

For the reasons set forth above, the court will direct counsel for the State to file, within twenty-eight days of the date of docketing of the attached Order, a status report as to Shannon's security in regard to his current housing. Shannon's Motion for a Preliminary Injunction, ECF

10, will be dismissed, without prejudice. Shannon's Motion for Preliminary Injunction, ECF 11, will be dismissed, without prejudice, as to all claims other than those with respect to plaintiff's housing security. A separate Order follows.

January 28, 2015            /s/
Date            Ellen Lipton Hollander
           United States District Judge