IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GUY SHANNON, JR. #300-355, #201-038 | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-14-2799 |
| MARYLAND DEPARTMENT OF PUBLIC SAFETY and CORRECTIONAL SERVICES | * * | |
| Defendants | * *** | |

**MEMORANDUM**

Guy Shannon, Jr., plaintiff, filed suit against the Maryland Department of Public Safety and Correctional Services ("DPSCS") and Gregg Hershberger. ECF 1. Now pending is defendants' Motion for Summary Judgment. ECF 6, 7. Also before the court is Guy Shannon's third motion for preliminary injunctive relief. ECF 14. After considering the filings, this Court deems a hearing unnecessary. *See* Local Rule 105.6 (D. Md. 2014).

On September 3, 2014, Shannon, then an inmate at the Maryland Correctional Institution-Jessup, filed suit, claiming he was in danger because Dead Man Incorporated, a prison gang, had ordered a "hit' on him. ECF 1. Shannon sought injunctive relief to place him on protective custody, preferably at Eastern Correction Institution ("ECI"). The court construed the pleading as a request for emergency injunctive relief and directed the Maryland Attorney General's Office to file an expedited response. The response, ECF 6, was accompanied by an affidavit. *See* ECF 6-1.

On September 29, 2014, Shannon was informed that the State's response (ECF 6) would be treated as a motion for summary judgment. *See* ECF 7. Plaintiff was also provided a notice in

accordance with *Roseboro v. Garrison*, 528 F. 2d. 309 (4th Cir. 1975). *See* ECF 8. Shannon Filed an opposition, without affidavits. ECF 9.

Subsequently, Shannon was transferred to ECI. Shannon then requested transfer from ECI, claiming that he remained in jeopardy. *See* ECF 11 at 2. Shannon filed motions for preliminary injunctive relief on October 30, 2014 (ECF 10) and January 23, 2015 (ECF 11). These filings also contained several claims unrelated to Shannon's security concerns.

On January 28, 2015, the court issued a Memorandum (ECF 12) and Order (ECF 13) denying Shannon's motions for preliminary injunctive relief in ECF 10 and ECF 11. His claims concerning his security were also denied. ECF 13. However, the claims unrelated to his security were denied, without prejudice. *Id.*

On February 10, 2015, Shannon filed yet another motion for preliminary injunctive relief. ECF 14. Shannon complained: 1) he had enemies on his tier at ECI and had been removed from protective custody and placed in the general prison population; 2) he has been assaulted many times by gang members; 3) inmates throw feces on him; 4) he is denied a wheelchair by Warden Green; 5) he needs a handicap accessible cell; and 6) Warden Green threatened to have the medical director take away his pain medication. *Id.*[1] These claims were essentially the same as those Shannon presented in his motion for preliminary injunctive relief (ECF 11) filed on January 23, 2015. In an abundance of caution, I directed counsel for the State to file a status report as to Shannon's housing security at ECI. ECF 13.

---

[1] Shannon filed this motion on January 23, 2015, and wrote case numbers ELH-11-747 and ELH-14-2799 on the filing. The motion was docketed as ECF 48 in ELH-11-747, a long-closed case. However, the court directed the Clerk to file a copy of the motion in this proceeding, for the Court's consideration. *See* ECF 15.

On February 26, 2015, counsel for the State filed the status report, along with the Declaration of Sergeant Michelle Switaliski, the Litigation Coordinator at ECI. ECF 17-1. Switaliski attests that Shannon "has not been assaulted or assaulted anyone" since arriving at ECI on October 9, 2014 *Id*. Moreover, since October 28, 2014, Shannon has been in disciplinary segregation housing at ECI for institutional rule violations based on an incident that occurred on September 17, 2014, which occurred prior to his transfer to ECI. Shannon will be on disciplinary segregation until May 22, 2014.

 In his disciplinary segregation housing status, Shannon is kept apart from the general prison population.  He is escorted by correctional officers anytime he leaves his cell.  He is assigned to a single cell, has regular access to showers, and is provided one hour out of his cell each day.  He also eats his meals in his cell. Per physician's orders, Shannon has access to a walker inside his cell and to a wheelchair when moving to and from his cell. *Id*.

Switaliski states Shannon may be placed in protective custody or administrative segregation at ECI upon completion of his disciplinary segregation.  Alternatively, he may be transferred out of the State for his security.  *Id*.

After reviewing Shannon's motion (ECF 14) and the status report (ECF 16), the court concludes that Shannon fails to show that he faces specific immediate and irreparable injury, loss, or damage, and does not meet the requirements for a preliminary injunction.  *See Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 19 (2008); *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010).

Shannon's motion for injunctive relief (ECF 14) will be denied.  Further, the State's response (ECF 6), which is construed as a motion for summary judgment, will be granted by separate Order.


February 26, 2015                                        _____/s/_____
Date                                                                  Ellen Lipton Hollander
                                                                           United States District Judge